# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6657 | DATE | MARCH 11, 2004 |
| CASE TITLE | DR. RANDY WIDEN v. ADVANCE GROUP, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Defendants' motion for change of venue (20) is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | 3-12-04 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | MARCH 11, 2004 date mailed notice |
| cw | courtroom deputy's initials | 2004 MAR 11 PM 5:10 | mqm mailing initials |
| | | Date/time received in central Clerk's Office | |

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. RANDY WIDEN, )
)
Plaintiff, )
)
v. ) No. 03 C 6657
)
ADVANCE GROUP, INC., and FREESTYLE, )
INC., )
)
Defendants. )
───────────────────────────── )
)
ADVANCE GROUP, INC., )
)
Counterplaintiff, )
)
v. )
)
DR. RANDY WIDEN, )
)
Counterdefendant. )
───────────────────────────── )
)
ADVANCE GROUP, INC., )
)
Third-Party Plaintiff, )
)
v. )
)
NATIONAL ELECTRONICS & WATCH CO., )
LTD., a Hong Kong corporation, )
)
Third-Party Defendant. )

DOCKETED
MAR 1 2 2004

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randy Widen has filed suit against defendants Advance Group, Inc. and Freestyle, Inc. Freestyle is a subsidiary of Advance Group. Plaintiff alleges that defendants



import and sell a watch known as the Freestyle Shark Tide and that this watch infringes plaintiff's United States Patent No. 5,293,355 entitled "Tidal Watch." Advance Group has filed a third-party indemnity claim against National Electronics and Watch Co. Ltd., a Hong Kong corporation that is alleged to supply Advance Group with the Shark Tide and which is also alleged to be the designer and manufacturer of the Shark Tide. The docket shows that a summons was issued for National Electronics, but there is no indication on the docket that it has actually been served. Presently pending is Advance Group's and Freestyle's motion to transfer venue to the Southern District of New York.

There is no dispute that venue would be proper in both this district and the Southern District of New York. Therefore, it must be considered whether the conveniences of the parties and the witnesses and the interests of justice justify transferring this case to New York. See 28 U.S.C. § 1404(a); Heston v. Equifax Credit Information Services, 2003 WL 22243986 *1 (N.D. Ill. Sept. 26, 2003). "A plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), particularly where it is also the plaintiff's home forum. Indeed, a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin L.L.C., 2003 WL 22382999 *3 (N.D. Ill. Oct. 16, 2003) (quoting Vandeveld v.

Christoph, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995)). Accord In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003). Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise. See Heston, 2003 WL 22243986 at *1; Confederation Des Brasseries De Belgique v. Coors Brewing Co., 2000 WL 88847 *3 (N.D. Ill. Jan. 20, 2000); Anchor Wall Systems, Inc. v. R & D Concrete Products, Inc., 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999); Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. May 12, 1999); Houck v. Trans World Airlines, Inc., 947 F. Supp. 373, 375 (N.D. Ill. 1996). Additionally, where the operative facts have little connection to the forum, the plaintiff's choice of forum is also given less weight. See Heston, 2003 WL 22243986 at *1; Alberding Estate Administration Trust ex rel. Moore v. Vinoy Park Hotel Co., 2003 WL 22176072 *2 (N.D. Ill. Sept. 15, 2003); Confederation, 2000 WL 88847 at *3; Anchor Wall, 55 F. Supp. 2d at 874. "The movant bears the burden of proving, by reference to particular facts and circumstances, that the transferee forum is 'clearly more convenient.'" Clear Channel, 2003 WL 22382999 at *3 (quoting Heller Financial, Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1293 (7th Cir. 1989)); Tong v. Direct Trading Corp., 2003 WL 22282466 *3 (N.D. Ill. Oct. 1, 2003). Both private and public interests must be considered. Private interests that are considered

include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) conveniences for the parties; and (5) conveniences for the witnesses. Tatar v. Trans Union L.L.C., 2003 WL 22478941 *1 (N.D. Ill. Oct. 31, 2003); Clear Channel, 2003 WL 22382999 at *3; Heston, 2003 WL 22243986 at *1; United Air Lines, Inc. v. Mesa Airlines, Inc., 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Public interests take into account the interests of justice and include: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. Tatar, 2003 WL 22478941 at *1; Clear Channel, 2003 WL 22382999 at *3; Amoco Oil Corp. v. Mobile Oil Corp., 90 F. Supp. 2d 958, 963 (N.D. Ill. 2000).

Plaintiff resides in Maryland. However, he was born and raised in Chicago and family members still reside here. In the last year, plaintiff has been in Chicago at least 10 times and expects to continue making frequent visits. Plaintiff states that he has no business or personal connections to New York and generally does not travel there. Most of his records concerning the patent are also stored in Chicago.

Advance Group's corporate offices are located in New York. Freestyle is a subsidiary of Advance Group. Advance Group's CFO states that Freestyle has "a principal place of

business" in New York and "a small office" in Ventura, California. Plaintiff points to a Freestyle list of contacts, apparently from an Internet site for Freestyle. That page states "Freestyle is located in Ventura, California" and the only postal address that is listed is in Ventura. Plaintiff does not dispute that Advance Group has offices, employees, and witnesses in New York, including records pertinent to this case. Advance Group also has another subsidiary with offices in California, Michigan, and New York.

Third-party defendant National Electronics, which apparently has not yet been served, is located in Hong Kong.

The Shark Tide may be purchased at a number of retailers located in Chicago, which is a basis for venue in this district. The Shark Tide is also sold at retailers in New York and throughout the country. The Shark Tide may also be purchased through Freestyle's Internet site, making it available anywhere in the country.

Defendants point to three potential witnesses identified by plaintiff. One is plaintiff himself, who resides in Maryland, but frequently travels to Chicago. The other two are not parties. They are a co-inventor of plaintiff's Tide Watch, who resides in Virginia, and the patent attorney who prosecuted plaintiff's patent application, who resides in Maryland. Defendants have identified three employees who may have

discoverable information. They all reside in New York. Plaintiff points out that defendants do not provide enough information about these three to establish that they would necessarily be deposed or called as witnesses at trial. Plaintiff points to other possible witnesses, though it is also not established whether they necessarily would be deposed or called as witnesses. Freestyle's president and vice president of sales and marketing reside in California. Defendants' websites on which the Shark Tide is available are administered by Advance Group employees located near Detroit, Michigan and there may be records there as well. The agent that processes and ships Internet purchases of the Shark Tide is located in Minnesota. Experts identified by defendants are located in Maryland and Michigan. The Shark Tide is manufactured overseas.

Defendants do not show that a New York venue would be significantly more convenient for non-party witnesses. Defendants point out that the distance from New York to Virginia and Maryland is less than the distance from Chicago to those two states. Those states, however, are still far enough away from New York than a witness is likely to fly or take a train. And even if the witness chose to drive, it would be a lengthy drive. New York is not a significantly more convenient location for those witnesses. And to the extent such distances should be

considered, Chicago is arguably more convenient than New York for possible witnesses residing in Minnesota and Michigan.

There is also no showing that the public interests favor New York. Defendants do not cite any statistics showing that the Southern District of New York tends to complete cases any speedier than the Northern District of Illinois. Both courts are located in large metropolitan areas and presumably are equally familiar with patent cases. Neither court has any greater interest in the subject matter of the lawsuit.

About all that has been shown is that defendants apparently have some more records and party witnesses located in New York than plaintiff has in Chicago. Defendants, however, have not made a favorable enough showing to disturb plaintiff's choice of forum. Plaintiff has shown some connection to Chicago in that Shark Tides are sold here and plaintiff's records are stored here. Although, plaintiff does not reside in Chicago, the fact that he makes frequent trips to Chicago provides a connection to Chicago as well. Cf. Alberding, 2003 WL 22176072 at *2. Plaintiff's choice of forum is entitled to some deference and defendants have not shown a sufficiently greater convenience for a New York forum to overcome plaintiff's choice. Defendants' motion will be denied.

IT IS THEREFORE ORDERED that defendants' motion for change of venue [20] is denied.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MARCH 11, 2004